UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONATO ODATO and                                   :   14 Civ. 6627
TATIANA ODATO, husband and wife                    :
                                    Plaintiffs,    :
                                                   :
    - against -                                    :   COMPLAINT
                                                   :
                                                   :
JP MORGAN CHASE BANK, N.A.,                         :
ACC CAPITAL HOLDINGS,                               :
EQUIFAX and                                         :
EXPERIAN                                            :   JURY TRIAL
                                    Defendants.     :   DEMANDED
-----------------------------------------------------------------------X

## PARTIES AND JURISDICTION

1.      Plaintiffs are Donato Odato and Tatiana Odato, husband and wife, residing at 166-11 Cryders Lane, Whitestone, New York 11357.

2.      Defendant is JP Morgan Chase Bank, N.A., doing business and maintaining a corporate headquarters at 270 Park Avenue, New York, New York 10017.

3.      Defendant, JP Morgan Chase Bank, N.A., is a corporation organized and incorporated under the laws of the state of Delaware.

4.      Defendant is ACC Capital Holdings, doing business and maintaining a corporate headquarters at 1100 Town & Country Road, Suite 1200, Orange, California 92868.

5.      Defendant, ACC Capital Holdings, is a corporation organized and incorporated under the laws of the state of Wyoming.

6.      Defendant is Equifax, doing business and maintaining a corporate headquarters at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

7.      Defendant, Equifax, is a corporation organized and incorporated under the laws of the state of Georgia.

8.      Defendant is Experian, doing business and maintaining a corporate headquarters in the United States of America at 475 Anton Blvd., Costa Mesa, California 92626.

9.      Defendant, Experian, is believed to be a corporation which is believed to be organized and incorporated under the laws of the United Kingdom.

10.     The United States District Court has jurisdiction over this matter based upon federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, the Fair Credit Reporting Act (FCRA), as this matter arose from an incident of unfair credit reporting.

11.     The United States District Court has supplemental jurisdiction over the state common law causes of action under 28 U.S.C. § 1367.

## FACTS

12.      At all material times to this complaint, all defendants acted by and through their employees, agents, and servants who were acting in the scope and course of employment, agency and servitude.

13.     Defendants, JP Morgan Chase Bank, N.A. and ACC Capital Holdings, are banks or companies that are in the business of lending money to homeowners pursuant to mortgage agreements, and each is a "furnisher of information" within the definition of the Fair Credit Reporting Act ("FCRA").

14.     Defendants, Equifax and Experian, are credit reporting businesses, and each is a "consumer reporting agency" within the definition of the FCRA.

2

15.     Plaintiffs, who were "consumers" within the definition of the FCRA at all material times, obtained a credit report which set forth their credit history, including reports of alleged un-creditworthy incidents.

16.     Plaintiffs obtained their credit reports from the three major credit reporting agencies, including defendants, Equifax and Experian; said credit reports were "consumer reports" within the definition of the FCRA at all material times.

17.     Within the credit report for plaintiffs was a report of a mortgage debt, in which defendants, JP Morgan Chase Bank, N.A. and/or ACC Capital Holdings, allegedly loaned money to plaintiffs, pursuant to a mortgage and note which defendants allegedly owned, or which was assigned to said defendant, after another lender lent money.

18.     Defendants Equifax and Experian wrote, produced, published and distributed plaintiffs' credit report to the world.

19.     Plaintiffs believe that defendants JP Morgan Chase Bank, N.A. and ACC Holdings reported the alleged debt of plaintiffs and defendants' alleged and implicit ownership of the mortgage and note.

20.     However, defendants, JP Morgan Chase Bank, N.A. and ACC Holdings, never owned said note or mortgage for which money was lent to plaintiffs; due to the failure of the previous owner of the note and mortgage to timely accept the assignment of the mortgage pursuant to its parameters of authority, the original and subsequent assignees, such as JP Morgan Chase Bank, N.A. or ACC Holdings, never acquired legal ownership of the note and mortgage because the original assignee lacked capacity to take title. (On or about April 15, 2013, plaintiffs first discovered and learned of the untimely assignment of their mortgage by original lender, LaSalle Bank, to an investment pool owned and operated by

Bear Stearns; the Bear Sterns investment trust had closed before the assignment took place, and therefore Bear Sterns had no legal authority to take title or accept the backdated assignment. Plaintiffs first discovered and learned of this fact on or about April 15, 2013 in connection with an expert report from Leo McCabe, who wrote the report for plaintiffs for their defense in a foreclosure action, La Salle Bank v. Odato).

21**.**     Accordingly, plaintiffs' credit reports created and disseminated by Equifax and Experian were a biased, unfair, inaccurate, false, wrongful, vague, destructive and harmful report about plaintiffs.

22.     The statement by defendants Equifax and Experian, in the credit report, that plaintiffs had a debt with defendant lenders of $750,000.00 is and was false, because there is no proof of defendants owning plaintiffs' mortgage or note, and there is no authenticity of the alleged debt.

23.     Plaintiffs promptly and repeatedly disputed the validity and authenticity of defendant's alleged mortgage ownership, as well as the validity of defendant's, Equifax and Experian's, credit report.

24.     Numerous letters were sent to defendants, Chase, Equifax and Experian, by first-class, postage pre-paid US mail, as well as by certified mail, return receipt requested.

25.     However, defendants failed to correct the credit report after several months. Eventually, Equifax deleted the item from plaintiffs' credit report, but Experian failed to remedy this situation.

26.     Recently, Experian did revise the report to reflect that defendant, JP Morgan Chase Bank, N.A., did not own the mortgage or note, but there is still a line item entry that ACC owns the mortgage and note, which is also erroneous.

27.     Furthermore, the defendants' credit reports contain other inaccuracies.

28.     As a direct result of the false, inaccurate and erroneous report by JP Morgan Chase Bank, N.A. and ACC Capital Holdings to Equifax and Experian, and Equifax's and Experian's publishing and production of a false credit report, damages have been sustained by plaintiffs.

29.     As a direct result of defendants' misconduct stated hereinbefore, plaintiffs have been unable to obtain financing, have been unable to re-finance their home, have suffered bad credit, and have been caused other damages including, mortgage foreclosure resulting in the loss of their home, stress, distress, pain, suffering, and inconvenience.

## COUNT I: PLAINTIFFS v. JP MORGAN CHASE BANK, N.A.; FCRA

30.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

31.     The defendant is reporting false, inaccurate, erroneous and/or derogatory information about plaintiffs to at least two consumer reporting agencies, defendants, Equifax and Experian, as defined by 15 U.S.C. § 1681a, and has in the past reported said false information to all three major credit reporting agencies.

32.     Plaintiffs have disputed the accuracy of the said false information reported by the defendant, JP Morgan Chase Bank, N.A., to the defendants, Equifax and Experian, on numerous occasions by first-class and certified mail.

33.     Defendant has failed to respond to plaintiffs' complaints, failed to prove ownership of plaintiffs' mortgage and note, failed to prove the truth and/or accuracy of the alleged debt, and failed to take steps to have plaintiffs' credit report contain accurate information as to said mortgage and note.

34.    Plaintiffs believe that defendant has not or may not have provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice, and in the alternative, even if notice was reported, it occurred long after the dispute was first brought to defendant's attention by plaintiffs, causing damage to plaintiffs in the interim.

35.    Defendant has failed or may have failed to comply with 15 U.S.C. § 1692g in that it has not within 5 days of plaintiffs' initial communication (nor at any other time) sent plaintiff written documentation of the ownership of the mortgage and note, and therefore, the material information required by the debt collection laws.

36.    Defendant has failed or may have failed to complete an investigation of plaintiff's written dispute and provide the results of an investigation to plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

37.    Defendant has not notified or may not have notified plaintiffs of any determination that plaintiffs' dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

38.    Therefore, defendant's conduct is unfair, its report is inaccurate, and defendant is liable for violating its duties pursuant to the Fair Credit Reporting Act.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, JP Morgan Chase Bank, N.A. and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT II: PLAINTIFFS v. JP MORGAN CHASE BANK, N.A.; NEGLIGENCE

39.    Plaintiffs incorporate herein by reference paragraphs one through forty

6

of this complaint as if set forth at length.

40.     In the years 2012 through 2014, defendant was operating its banking business in New York City.

41.     On various dates in these years, defendant operated its business so carelessly, recklessly and negligently as to cause the reporting of a debt that plaintiffs allegedly owed defendant in connection with a certain mortgage and note for plaintiffs' home.

42.     The conduct of defendant in doing business as set forth above was so reckless, careless and negligent as to cause plaintiffs damages set forth hereinafter.

43.     The recklessness, carelessness and negligence of defendant consisted of, *inter alia:*

> a. concluding, thinking or believing that plaintiffs owed defendant money;
>
> b. concluding, thinking or believing that it owned a mortgage for plaintiffs' property or a note connected to the mortgage;
>
> c. careless and sloppy creation and maintenance of banking and mortgage documents;
>
> d. failing to file mortgage documents;
>
> e. conducting careless mortgage transaction and/or botching mortgage transactions;
>
> f. making a credit report to credit reporting agencies that was false, misleading and/or inaccurate because defendant did not own plaintiffs' mortgage, note or mortgage debt;

g. allowing inaccurate information about plaintiff to be communicated to the world;

h. violating the standards set forth by the banking industry or credit reporting industries and/or federal, state, and local governments and authorities;

i. failing to act prudently at all times.

j. *res ipsa loquitor* is affirmatively pleaded;

k. negligence *per se* is affirmatively pleaded based upon defendant's violation of credit reporting statutes, including the Fair Credit Reporting Act;

l. as will be discovered in discovery.

44.     As a direct result of defendant's recklessness, carelessness and negligence, defendant has caused, and will or may cause in the future, damages to plaintiffs including, but not limited to:

a. a loss of creditworthiness;

b. a loss of financing and/or re-financing, including for plaintiffs' home;

c. a loss of reputation and/or damage to reputation;

d. pain and suffering;

e. embarrassment, humiliation and emotional distress;

f. loss of the enjoyment of life;

g. inconvenience and deprivation of time;

h. out-of-pocket losses, costs and attorneys fees.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, JP Morgan Chase Bank, N.A., and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT III: PLAINTIFFS v. JP MORGAN CHASE BANK; PUNITIVE DAMAGES

45.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

46.     The aforementioned acts and omissions of defendant were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiffs and the public.

47.     Punitive damages are justified because of the aforesaid conduct of defendant and the following facts:

a. defendant's actions directly caused the financial collapse of the United States of America;

b. defendant failed to take remedial measures after many months, and numerous letters from plaintiffs;

c. defendants lost their home as a direct result of defendant's wrongful actions and/or inactions;

d. defendant has made extraordinary profits from its wrongful banking practices and has even been fined by various banking regulators in staggering amounts for its misconduct;

9

e. defendant acted wilfully.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, JP Morgan Chase Bank, N.A., and that punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT IV: PLAINTIFFS v. ACC CAPITAL HOLDINGS; FCRA

48.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

49.     The defendant is reporting false, inaccurate, erroneous and/or derogatory information about plaintiffs to at least two consumer reporting agencies, defendants, Equifax and Experian, as defined by 15 U.S.C. § 1681a, and has in the past reported said false information to all three major credit reporting agencies.

50.     Plaintiffs have disputed the accuracy of the said false information reported by the defendant, ACC Capital Holdings, to the defendants, Equifax and Experian, on numerous occasions by first-class and certified mail.

51.     Defendant has failed to respond to plaintiffs' complaints, failed to prove ownership of plaintiffs' mortgage and note, failed to prove the truth and/or accuracy of the alleged debt, and failed to take steps to have plaintiffs' credit report contain accurate information as to said mortgage and note.

52.     Plaintiffs believe that defendant has not or may not have provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice, and in the alternative, even if notice was reported, it occurred

long after the dispute was first brought to defendant's attention by plaintiffs, causing damage to plaintiffs in the interim.

53.     Defendant has failed or may have failed to comply with 15 U.S.C. § 1692g in that it has not within 5 days of plaintiffs' initial communication (nor at any other time) sent plaintiff written documentation of the ownership of the mortgage and note, and therefore, the material information required by the debt collection laws.

54.     Defendant has failed or may have failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

55.     Defendant has not notified or may not have notified plaintiffs of any determination that plaintiffs' dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

56.     Therefore, defendant's conduct is unfair, its report is inaccurate, and defendant is liable for violating its duties pursuant to the Fair Credit Reporting Act.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, ACC Capital Holdings and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT V: PLAINTIFFS v. ACC CAPITAL HOLDINGS; NEGLIGENCE

57.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

58.     In the years 2012 through 2014, defendant was operating its lending business.

59.     On various dates in these years, defendant operated its business so carelessly, recklessly and negligently as to cause the reporting of a debt that plaintiffs allegedly owed defendant in connection with a certain mortgage and note for plaintiffs' home.

60.     The conduct of defendant in doing business as set forth above was so reckless, careless and negligent as to cause plaintiffs damages set forth hereinafter.

61.     The recklessness, carelessness and negligence of defendant consisted of, *inter alia:*

a. concluding, thinking or believing that plaintiffs owed defendant money;

b. concluding, thinking or believing that it owned a mortgage for plaintiffs' property or a note connected to the mortgage;

c. careless and sloppy creation and maintenance of banking and mortgage documents;

d. failing to file mortgage documents;

e. conducting careless mortgage transaction and/or botching mortgage transactions;

f. making a credit report to credit reporting agencies that was false, misleading and/or inaccurate because defendant did not own plaintiffs' mortgage, note or mortgage debt;

g. allowing inaccurate information about plaintiff to be communicated to the world;

h. violating the standards set forth by the banking industry or credit reporting industries and/or federal, state, and local governments and

authorities;

i. failing to act prudently at all times.

j. *res ipsa loquitor* is affirmatively pleaded;

k. negligence *per se* is affirmatively pleaded based upon defendant's violation of credit reporting statutes, including the Fair Credit Reporting Act;

l. as will be discovered in discovery.

62.    As a direct result of defendant's recklessness, carelessness and negligence, defendant has caused, and will or may cause in the future, damages to plaintiffs including, but not limited to:

a. a loss of creditworthiness;

b. a loss of financing and/or re-financing, including for plaintiffs' home;

c. a loss of reputation and/or damage to reputation;

d. pain and suffering;

e. embarrassment, humiliation and emotional distress;

f. loss of the enjoyment of life;

g. inconvenience and deprivation of time;

h. out-of-pocket losses, costs and attorneys fees.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, ACC Capital Holdings, and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

13

## COUNT VI: PLAINTIFFS v. ACC CAPITAL HOLDINGS; PUNITIVE DAMAGES

63.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

64.     The aforementioned acts and omissions of defendant were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiffs and the public.

65.     Punitive damages are justified because of the aforesaid conduct of defendant and the following facts:

        a. defendant's actions directly caused the financial collapse of the United States of America;

        b. defendant failed to take remedial measures after many months, and numerous letters from plaintiffs;

        c. defendants lost their home as a direct result of defendant's wrongful actions and/or inactions;

        d. defendant has made extraordinary profits from its wrongful banking practices and has even been fined by various banking regulators in staggering amounts for its misconduct;

        e. defendant acted wilfully.

        WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, ACC Capital Holdings, and that punitive

damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT VII: PLAINTIFFS v. EQUIFAX; FCRA

66.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

67.     The defendant is reporting false, inaccurate, erroneous and/or derogatory information about plaintiffs, as defined by 15 U.S.C. § 1681a, and has in the past reported said false information.

68.     Plaintiffs have disputed the accuracy of the said false information reported by the defendant, Equifax, on numerous occasions by first-class and certified mail.

69.     Defendant has failed to timely respond to plaintiffs' complaints, failed to prove ownership of plaintiffs' mortgage and note, failed to prove the truth and/or accuracy of the alleged debt, and failed to take steps to have plaintiffs' credit report contain accurate information as to said mortgage and note.

70.     Plaintiffs believe that defendant is therefore in violation of 15 U.S.C., causing damage to plaintiffs.

71.     Defendant has failed or may have failed to comply with 15 U.S.C. § 1681c as to a dispute by consumer and 1681i by failing to investigate, failing to investigate reasonably, or determining falsity of the debt; and/or by failing to delete the item.

72.     Therefore, defendant's conduct is unfair, its report is inaccurate, and defendant is liable for violating its duties pursuant to the Fair Credit Reporting Act.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, Equifax, and that special, general, and

punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT VIII: PLAINTIFFS v. EQUIFAX; NEGLIGENCE

73.   Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

74.   In the years 2012 through 2014, defendant was operating its credit reporting business.

75.   On various dates in these years, defendant operated its business so carelessly, recklessly and negligently as to cause the reporting of a debt that plaintiffs allegedly owed in connection with a certain mortgage and note for plaintiffs' home.

76.   The conduct of defendant in doing business as set forth above was so reckless, careless and negligent as to cause plaintiffs damages set forth hereinafter.

77.   The recklessness, carelessness and negligence of defendant consisted of, *inter alia:*

　　　a. concluding, thinking or believing that plaintiffs owed money;

　　　b. concluding, thinking or believing that another defendant owned a mortgage for plaintiffs' property or a note connected to the mortgage;

　　　c. disseminating a credit report that was false, misleading and/or inaccurate;

　　　d. allowing inaccurate information about plaintiff to be communicated to the world;

　　　e. violating the standards set forth by the banking industry or credit reporting industries and/or federal, state, and local governments and

authorities;

f. failing to act prudently at all times.

g. *res ipsa loquitor* is affirmatively pleaded;

h. negligence *per se* is affirmatively pleaded based upon defendant's violation of credit reporting statutes, including the Fair Credit Reporting Act;

i. as will be discovered in discovery.

78.     As a direct result of defendant's recklessness, carelessness and negligence, defendant has caused, and will or may cause in the future, damages to plaintiffs including, but not limited to:

a. a loss of creditworthiness;

b. a loss of financing and/or re-financing, including for plaintiffs' home;

c. a loss of reputation and/or damage to reputation;

d. pain and suffering;

e. embarrassment, humiliation and emotional distress;

f. loss of the enjoyment of life;

g. inconvenience and deprivation of time;

h. out-of-pocket losses, costs and attorneys fees.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, Equifax, and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT IX: PLAINTIFFS v. EQUIFAX; PUNITIVE DAMAGES

79.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

80.     The aforementioned acts and omissions of defendant were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiffs and the public.

81.     Punitive damages are justified because of the aforesaid conduct of defendant and the following facts:

a. defendant's actions directly caused the financial collapse of the United States of America;

b. defendant failed to take remedial measures after many months, and numerous letters from plaintiffs;

c. defendants lost their home as a direct result of defendant's wrongful actions and/or inactions;

d. defendant acted wilfully.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, Equifax, and that punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

18

## COUNT X: PLAINTIFFS v. EXPERIAN; FCRA

82.      Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

83.      The defendant is reporting false, inaccurate, erroneous and/or derogatory information about plaintiffs, as defined by 15 U.S.C. § 1681a, and has in the past reported said false information.

84.      Plaintiffs have disputed the accuracy of the said false information reported by the defendant, Experian, on numerous occasions by first-class and certified mail.

85.      Defendant has failed to timely respond to plaintiffs' complaints, failed to prove ownership of plaintiffs' mortgage and note, failed to prove the truth and/or accuracy of the alleged debt, and failed to take steps to have plaintiffs' credit report contain accurate information as to said mortgage and note.

86.      Plaintiffs believe that defendant is therefore in violation of 15 U.S.C., causing damage to plaintiffs.

87.      Defendant has failed or may have failed to comply with 15 U.S.C. § 1681c as to a dispute by consumer; 1681i by failing to investigate, failing to investigate reasonably, or determining falsity of the debt; and/or by failing to delete the item.

88.      Therefore, defendant's conduct is unfair, its report is inaccurate, and defendant is liable for violating its duties pursuant to the Fair Credit Reporting Act.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, Experian, and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT XI: PLAINTIFFS v. EXPERIAN; NEGLIGENCE

89.   Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

90.   In the years 2012 through 2014, defendant was operating its credit reporting business.

91.   On various dates in these years, defendant operated its business so carelessly, recklessly and negligently as to cause the reporting of a debt that plaintiffs allegedly owed in connection with a certain mortgage and note for plaintiffs' home.

92.   The conduct of defendant in doing business as set forth above was so reckless, careless and negligent as to cause plaintiffs damages set forth hereinafter.

93.   The recklessness, carelessness and negligence of defendant consisted of, *inter alia:*

   a. concluding, thinking or believing that plaintiffs owed money;

   b. concluding, thinking or believing that another defendant owned a mortgage for plaintiffs' property or a note connected to the mortgage;

   c. disseminating a credit report that was false, misleading and/or inaccurate;

   d. allowing inaccurate information about plaintiff to be communicated to the world;

   e. violating the standards set forth by the banking industry or credit reporting industries and/or federal, state, and local governments and authorities;

   f. failing to act prudently at all times.

g. *res ipsa loquitor* is affirmatively pleaded;

h. negligence *per se* is affirmatively pleaded based upon defendant's violation of credit reporting statutes, including the Fair Credit Reporting Act;

i. as will be discovered in discovery.

94.     As a direct result of defendant's recklessness, carelessness and negligence, defendant has caused, and will or may cause in the future, damages to plaintiffs including, but not limited to:

a. a loss of creditworthiness;

b. a loss of financing and/or re-financing, including for plaintiffs' home;

c. a loss of reputation and/or damage to reputation;

d. pain and suffering;

e. embarrassment, humiliation and emotional distress;

f. loss of the enjoyment of life;

g. inconvenience and deprivation of time;

h. out-of-pocket losses, costs and attorneys fees.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, Experian, and that special, general, and punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

## COUNT XII: PLAINTIFFS v. EXPERIAN; PUNITIVE DAMAGES

95.     Plaintiffs incorporate herein by reference the above paragraphs of this complaint as if set forth at length.

96.     The aforementioned acts and omissions of defendant were grossly negligent, malicious, morally reprehensible, morally culpable, highly immoral, oppressive, aggravated, continuous and systematic, aimed at the public, willful, or wanton and reckless or were a reckless, conscious, callous or utter indifference or disregard to the health, safety, and rights of plaintiffs and the public.

97.     Punitive damages are justified because of the aforesaid conduct of defendant and the following facts:

a. defendant's actions directly caused the financial collapse of the United States of America;

b. defendant failed to take remedial measures after many months, and numerous letters from plaintiffs;

c. defendants lost their home as a direct result of defendant's wrongful actions and/or inactions;

d. defendant acted wilfully.

WHEREFORE, plaintiffs, Donato Odato and Tatiana Odato, demand that judgment be entered in their favor and against defendant, Experian, and that punitive damages in the amount of One Million Dollars ($1,000,000.00), attorney fees, costs and interest be awarded.

Dated: New York, New York
       November 11, 2014

_____/s/_____
ROBERT G. LEINO, ESQ.
Attorney for Plaintiffs,
Donato Odato and Tatiana Odato
224 Riverside Drive, 6B
New York, New York 10025
(212) 964-1574
rgleino@leinolaw.com

23